**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

CHAMBERS OF
TIMOTHY J. SULLIVAN
CHIEF MAGISTRATE JUDGE

6500 Cherrywood Lane
Greenbelt, Maryland 20770
Telephone: (301) 344-3593

July 14, 2026

LETTER TO COUNSEL:

   RE: *Develyn M. v. Frank Bisignano, Commissioner of Social Security*[1]
      Civil No. TJS-25-1107

Dear Counsel:

  On April 3, 2025, Plaintiff Develyn M. petitioned this Court to review the Social Security Administration's final decision to deny her claim for Disability Insurance Benefits ("DIB"). ECF No. 1. The case has been assigned to me for all proceedings with the parties' consent pursuant to 28 U.S.C. § 636(c) and Local Rule 301.[2] Having considered the submissions of the parties (ECF Nos. 11, 13 & 14), I find that no hearing is necessary. *See* Loc. R. 105.6. This Court must uphold the decision of the agency if it is supported by substantial evidence and if the agency employed the proper legal standards. 42 U.S.C. §§ 405(g), 1383(c)(3); *Mascio v. Colvin*, 780 F.3d 632, 634 (4th Cir. 2015). Following its review, this Court may affirm, modify, or reverse the Commissioner, with or without a remand. *See* 42 U.S.C. § 405(g); *Melkonyan v. Sullivan*, 501 U.S. 89 (1991). Under that standard, I will deny both motions and remand the case for further proceedings. This letter explains my rationale.

  Develyn M. filed her application for DIB on January 10, 2020, alleging a disability onset date of March 2, 2018. *See* ECF No. 11 at 1. Her application was denied initially and upon reconsideration. *Id.* at 1-2. A hearing was held before an ALJ, and the ALJ denied her disability claim. *Id.* at 2. Develyn M. requested review of the ALJ's decision by the Appeals Council, and the Appeals Council granted her request, remanding the case to the ALJ for further proceedings. *Id.* After subsequent proceedings before the ALJ, the ALJ rendered an unfavorable decision on May 3, 2024, finding that Develyn M. was not disabled because she had performed substantial gainful activity during every 12-month period since her alleged onset date. Tr. 18-22. The Appeals Council denied review, rendering the ALJ's May 3, 2024, decision the final, reviewable decision from which Develyn M. appeals.

  The ALJ evaluated Develyn M.'s claim for benefits using the five-step sequential evaluation process set forth in 20 C.F.R. § 404.1520. At step one, the ALJ found that Develyn M. engaged in substantial gainful activity during February, March, and April 2019; February and July 2020; March and April 2021; and February and March 2022. Tr. 20-21. Because there was no continuous 12-month period during which Develyn M. had not engaged in substantial gainful

---

[1] Frank Bisignano became the Commissioner of Social Security on May 7, 2025. He is therefore substituted as the defendant in this matter. *See* Fed. R. Civ. P. 25(d); 42 U.S.C. § 405(g).

[2] This case was originally assigned to Judge Douglas R. Miller. On March 30, 2026, it was reassigned to me.

activity, the ALJ concluded that she was not disabled from the time of her alleged disability onset date through the date of the decision. Tr. 21-22.

Develyn M. argues that the ALJ's step-one determination is erroneous for three reasons: the ALJ misapplied the averaging rules in assessing her earnings; the ALJ failed to apply the self-employment tests set forth in the regulations; and the ALJ neglected to consider unrebutted evidence demonstrating her inability to sustain even seasonal work. ECF No. 11 at 5-10.

Substantial gainful activity ("SGA") is work that is both substantial and gainful as defined by the Agency in the Code of Federal Regulations. Substantial work activity "involves doing significant physical or mental activities," even if the work is "done on a part-time basis or if you do less, get paid less, or have less responsibility than when you worked before." 20 C.F.R. § 404.1572(a). Gainful work activity is work activity done for "pay or profit, whether or not a profit is realized." 20 C.F.R. § 404.1572(b). Taking care of oneself, performing household tasks, hobbies, therapy, school attendance, and the like are not generally considered substantial gainful activities. 20 C.F.R. § 404.1572(c).

The ALJ's decision documents Develyn M.'s seasonal work as a tax preparer in 2019, 2020, 2021, and 2022, and acknowledges Develyn M.'s testimony that she performed the same sort of seasonal work in 2023 and 2024. Tr. 20-22. The ALJ concluded that this work was SGA because Develyn M.'s income for each of the periods exceeded the monthly threshold for SGA. Tr. 20-21. And because Develyn M.'s seasonal work as a tax preparer ended with the conclusion of each tax season, and not because of her impairments, the ALJ concluded that Develyn M.'s seasonal work activities could not be considered unsuccessful work attempts or part of a trial work period. Tr. 21. Because Develyn M. performed substantial gainful activity during every 12-month period at issue, the ALJ concluded that she was not disabled. *Id.* at 21-22.

Develyn M. argues that the ALJ's decision runs afoul of the Social Security Administration's rules on averaging earnings. ECF No. 11 at 6. Citing 20 C.F.R. § 404.1574(b)(2) and POMS DI 10505.015,[3] she contends that the ALJ was not permitted to average her seasonal earnings as a tax preparer to form the basis of proof that she engaged in continuous SGA. Because her work as a tax preparer was sporadic, with just a few months of work in each 12-month period, she argues that the ALJ was required to use separate averaging periods, and not to use her average income from the months when she was working as her average income for the entire year, including the months when she was not working. ECF No. 11 at 6. She also notes that averaging of earnings is only permissible under SSR 83-35[4] in certain circumstances: "[W]hen an individual works over a period of time during which the SGA level changes, earnings are not averaged over the entire period of work involved; rather, they are averaged over each period for which a different SGA level applies." SSR 83-35, 1983 WL 31257, *4 (Jan. 1, 1983). In summary, Develyn M.

---

[3] The SSA's Program Operations Manual System ("POMS") is considered a "nonbinding policy statement[ ] and guidance document[ ]." *Patterson v. Comm'r, Soc. Sec. Admin.*, 846 F.3d 656, 661 (4th Cir. 2017).

[4] SSR 83-35 was in effect at the time the ALJ issued the decision but it has since been rescinded. The rescission has no practical effect here because SSR 83-35's guidance was incorporated into the governing regulations, *see* 20 C.F.R. § 404.1754a.

argues that the ALJ erred by treating her "seasonal bursts of work interspersed with months of zero earnings" as "continuous SGA through annualized averaging." ECF No. 11 at 7. The Commissioner does not address this argument in his brief.

The Court agrees with Develyn M.'s argument. The agency's rules allow for averaging income from work only when the work is continuous and without significant change in work patterns. When there are months without income, this represents a significant change and requires that the earnings be divided into separate periods, with the zero-earning months excluded from the averages of the months with earnings. This principle is structural; it applies regardless of the reason for the cessation of work. In this case, instead of separating out the work periods from the non-work periods, the ALJ averaged them all together. This resulted in a finding that Develyn M. had earned income over the monthly SGA threshold for each period at issue. Inasmuch as it is based on an analysis that departs from the governing regulations and internal rules, the Court is unable to find that the ALJ's decision is supported by substantial evidence. For this reason, Develyn M.'s case will be remanded to the agency for further proceedings.

Develyn M.'s second argument is that the ALJ failed to apply the agency's tests for claims involving self-employment. ECF No. 11 at 8-9. To determine whether a self-employed plaintiff has engaged in SGA, the ALJ must employ three tests: (1) "if you render services that are significant to the operation of the business and receive a substantial income from the business"; (2) "if your work activity, in terms of factors such as hours, skills, energy output, efficiency, duties, and responsibilities, is comparable to that of unimpaired individuals in your community who are in the same or similar businesses as their means of livelihood"; and (3) "if your work activity, although not comparable to that of unimpaired individuals, is clearly worth the amount shown in [the SGA Earnings Guidelines, 20 C.F.R. § 404.1574(b)(2)] when considered in terms of its value to the business, or when compared to the salary that an owner would pay to an employee to do the work you are doing." 20 C.F.R. § 404.1575; *Mohammadreza N. v. Comm'r, Soc. Sec. Admin.*, No. SAG-20-2017, 2021 WL 6931476, at *1 (D. Md. Sept. 16, 2021). If a claimant has not engaged in SGA under test one, the agency will then consider tests two and three. 20 C.F.R. § 404.1575(a)(2).

Under test one, to determine whether a claimant has received a "substantial income" from their self-employment, an ALJ must first determine "countable income" (where net income is calculated as gross income minus normal business expenses, and then other expenses are deducted if they are relevant). Once the ALJ calculates countable income, the ALJ must determine whether it is "substantial." Countable income is substantial if it averages more than the amounts set forth in 20 C.F.R. § 404.1574(b)(2), which are calculated by applying the averaging rules of 20 C.F.R. § 404.1574a. If countable income is lower than these amounts, it will still be considered substantial if it is comparable either to the claimant's own pre-disability earnings (had impairment not been considered) or to the earnings of unimpaired self-employed persons in the same or similar business in the community.

The ALJ's decision contains no discussion of test one under § 404.1575. Develyn M. suggests that the ALJ "skipped this required analysis and simply applied the monthly SGA dollar thresholds used for employees." ECF No. 11 at 8. Likewise, the ALJ's decision lacks any discussion of tests two and three.

The Commissioner argues that "application of the first test demonstrated Plaintiff's work as a tax preparer constituted [SGA] because, as the ALJ discussed, it exceed[ed] the amounts listed for [SGA]." ECF No. 13 at 9. The Court is constrained to reject the Commissioner's argument because the first test of § 404.1575 requires two distinct findings: that the services were significant and that the income was substantial as that term is defined for self-employment. The ALJ made neither finding. Supplying those findings now would be the very type of "Monday-morning-quarterback" decision-making that the Commissioner warns against. ECF No. 13 at 9. The Court declines to engage in a post-hoc rationalization of the ALJ's decision. *See generally Radford v. Colvin*, 734 F.3d 288, 295 (4th Cir. 2013) ("If the reviewing court has no way of evaluating the basis for the ALJ's decision, then the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation.") (internal quotation marks omitted).

In summary, the Court will remand this case to the agency for further proceedings because the ALJ's decision does not comply with the governing regulations concerning averaging income to determine SGA and the tests for determining whether a self-employed claimant has engaged in SGA. The Court declines to address Develyn M.'s third argument concerning the ALJ's failure to consider certain medical evidence.

For the reasons set forth herein, both parties' briefs, construed as motions for summary judgment (ECF Nos. 11 & 13), are **DENIED**. Pursuant to sentence four of 42 U.S.C. § 405(g), the Commissioner's judgment is **REVERSED**. The case is **REMANDED** for further proceedings in accordance with this opinion. In so holding, the Court expresses no opinion on the agency's ultimate disability determination.

The Clerk is directed to CLOSE this case.

Sincerely yours,

_____/s/_____
Timothy J. Sullivan
Chief United States Magistrate Judge

4